HERMAN L. GAINES,

    Petitioner,

     v.

STEPHEN D'ILIO, et al.,

    Respondents.

Civil Action No. 14-4966 (MAS)

**MEMORANDUM AND ORDER**

HERMAN L. GAINES,

    Petitioner,

     v.

STEPHEN D'ILIO, et al.,

    Respondents.

Civil Action No. 15-761 (MAS)

**MEMORANDUM AND ORDER**

   This matter comes before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Herman L. Gaines pursuant to 28 U.S.C. § 2254. Presently before the Court are Petitioner's "Motions to Add Certain Docket Entries" ("Motions"). (Case No. 14-4966, ECF No. 18; Case No. 15-761, ECF No. 26.)

   A brief recitation of the procedural history in these matters is in order. Initially, Petitioner filed Case No. 14-4966 as a placeholder while he exhausted state court remedies. The Court administratively terminated the case because Petitioner did not use the proper habeas form as required by L.Civ.R. 81.2. (Order, Aug. 18, 2014, Case No. 14-4966, ECF No. 2.) Following the administrative termination, Petitioner informed the Court that it erroneously construed the filing as a habeas petition when he was only attempting to file a motion to stay. (Pet'r's Letter, Aug. 19,

2014, Case No. 14-4966, ECF No. 3.) The Court, however, cannot grant an independent motion to stay without the filing of a proper habeas petition because absent a proper habeas petition there would be no case to stay. Petitioner subsequently informed the Court that he had exhausted state court remedies and wished to proceed with his case even though, as stated above, Petitioner previously argued that he never actually filed a habeas petition. (Pet'r's Letter, Feb. 6, 2015, Case No. 14-4966, ECF No. 6.)

The Court reminded Petitioner of its previous order, and directed Petitioner to file an amended petition. (Text Order, Apr. 27, 2015, Case No. 14-4966, ECF No. 7.) Petitioner responded with additional correspondence and reverted to his previous position that he never filed a habeas petition in Case No. 14-4966. (Pet'r's Letter, May 13, 2015, Case No. 14-4966, ECF No. 8.) Instead, Petitioner stated that he filed another habeas petition in January of 2015.[1] (Id. at 1.) Based on Petitioner's representations, and because the petition in Case No. 15-761 was the only petition that complied with court rules, the Court dismissed Case No. 14-4966 as duplicative and deemed the petition filed in Case No. 15-761 as the operative petition. (See Order, Sept. 9, 2016, Case No. 15-761, ECF No. 13.) The Court also screened that petition, dismissed Counts I and VI of the petition, and ordered Respondents to answer. (Id.)

Thereafter, Respondents filed a request for an extension to answer, but erroneously filed the request in Case No. 14-4966. (Resp'ts' Letter, Sept. 26, 2016, Case No. 14-4966, ECF No. 14.) The Court granted the extension, but also did so on the docket of Case No. 14-4966. (Text Order, Sept. 27, 2016, Case No. 14-4966, ECF No. 15.) Fearing that an incomplete docket may adversely affect the record on appeal, Petitioner filed the Motions requesting the Court to docket entries 14 and 15 in Case No. 14-4966, in Case No. 15-761. Although the Court cannot envision

---

[1] Petitioner's January 2015 case was assigned docket number 15-761.

2

a scenario where Petitioner's appeal would be adversely affected, the Court nevertheless agrees that those entries should be docketed in Case No. 15-761. The Court, accordingly, finds good cause to grant Petitioner's Motions.

IT IS, therefore, on this 20th day of June, 2017,

ORDERED that Petitioner's Motions to add certain entries (Case No. 14-4966, ECF No. 18) & (Case No. 15-761, ECF No. 26), are hereby GRANTED;

ORDERED that the Clerk shall file ECF Nos. 14 & 15 of Case No. 14-4966 in Case No. 15-761;

ORDERED that the Clerk shall CLOSE Case No. 14-4966; and it is further

ORDERED that the Clerk shall serve this Order on Petitioner by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE